UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Viral DRM, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No.: 6:25-cv-00102 |
| Gray Media, Inc. d/b/a KWTX-TV News 10, | § § § | JURY TRIAL DEMAND |
| Defendant. | § § | |

**COMPLAINT**

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Gray Media, Inc. d/b/a KWTX-TV News 10 ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Ronald Brian Emfinger ("*Emfinger*") created a video of a tornado hitting Elgin, Texas (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates 180 television stations and their related media assets across the United States in 113 markets.

4. As a part of its overall operation, Defendant operates a website at domain www.fox8live.com ("*Website 1*").

5. Defendant also owns and operates a website at domain www.kwtx.com ("*Website 2*") (Website 1 and Website 2 are collectively referred to as the "*Websites*").

6. Defendant also owns and operates a Facebook account with the name

1

"@FOX8NOLA" (the "*Account*").

7.    Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Websites as well as the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8.    Viral DRM, LLC is a Mississippi limited liability company and maintains its principal place of business in Hinds County, Mississippi.

9.    Upon information and belief, defendant Gray Media, Inc. d/b/a KWTX-TV News 10, is a Georgia corporation with a principal place of business at 4370 Peachtree Road NE Suite 400, Atlanta in Dekalb County, Georgia.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.    This Court has personal jurisdiction over Gray Television, Inc. under the applicable long-arm jurisdictional statute of Texas because while Gray Television, Inc. maintains its principal place of business in Georgia, it purposely directs substantial activities at the residents of Texas through its station KWTX-TV New 10.

12.    Accordingly to Defendant's website, "KWTX-TV News 10 is the dominant television station for the Waco-Temple-Killeen market in the Heart of Texas. The CBS, CW, Telemundo, Circle and MeTV affiliate, KWTX is the leader in every local newscast. A state-of-the-art facility combined with the reach and traffic of our local news website, KWTX.com, provides thousands of Central Texans with hours of quality news and entertainment." (See https://www.kwtx.com/about-us/).

13.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

2

**FACTS COMMON TO ALL CLAIMS**

**A.    Plaintiff's Copyright Ownership**

14.    Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

15.    Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

16.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

17.    Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

18.    On March 21, 2022, Emfinger first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

19.    In creating the Video, Emfinger personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

20.    On April 22, 2022, the Video was registered by the USCO under Registration No. PA 2-354-516.

21.    Emfinger created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

22.    On March 21, 2022, Michael Brandon Clement ("*Clement*") and Brett Adair ("*Adair*") acquired the rights in and to the Video from Emfinger by way of written assignment.

23.    Thereinafter, on May 15, 2022, Plaintiff acquired the rights in and to the Video from Clement and Adair by way of written assignment.

**B.    Defendant's Infringing Activity**

24.    Defendant is the registered owner of the Websites and is responsible for its content.

25.    Defendant is the operator of the Websites and is responsible for its content.

3

26. The Websites and related television channels are a key components of Defendant's popular and lucrative commercial enterprise.

27. The Websites are monetized in that they contain paid advertisements and, on information and belief, Defendant profits from these activities.

28. Defendant is the registered owner of the Account and is responsible for its content.

29. Defendant is the operator of the Account and is responsible for its content.

30. The Account is a part of and used to advance Defendant's commercial enterprise.

31. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

32. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

33. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

34. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

35. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

36. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

4

37.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

38.    On or about March 30, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Video on  Website 1 as part of an on-line story at URL: https://www.fox8live.com/2022/03/30/teen-who-went-viral-after-beating-tornado-pickup-truck-gets-new-chevrolet-silverado/ ("*Infringements 1-2*"). Copies of screengrabs of Website 1 including the Video is attached hereto collectively as Exhibit 2.

39.    A screengrab of the Video was copied and stored by Defendant at URL: https://gray-wvue-prod.cdn.arcpublishing.com/resizer/v2/L6QYYARF7JCPROAMODEN WLNAVQ.jpg?auth=b3dc03136e72557685a4a5bff5846371ff11ce3ad748ba8e6cf8647f4a88206 6&width=1600&height=900&smart=true.

40.    Further, on or about March 31, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Video on the Account    as    part    of    a    social    media    post    at    URL: https://www.facebook.com/photo?fbid=10160757441144610&set=a.107376284609 ("*Infringement 3*"). A copy of the Account including the Video is attached hereto collectively as Exhibit 2.

41.    On or about March 26, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Video on Website 2 as part of an on-line story at URL: https://www.kwtx.com/2022/03/30/texas-teen-receives-new-chevrolet-truck-after-tornado/ ("*Infringements 4-5*"). Copies of screengrabs of Website 2 including the Video is attached hereto collectively as Exhibit 2.

42.    Upon information and belief, the article on KWTX appears to be the originating source of the infringement which was picked up and syndicated by Defendant on its other stations.

43.    Upon information and belief, the Video likely appears on a number of other stations and websites owned and operated by Defendant.

44.    Plaintiff first observed the Infringements on July 5, 2024.

5

45. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

46. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

47. The Infringements are screengrabs showing copies of Plaintiff's original video recording that were directly copied and displayed by Defendant on the Websites as well as the Account.

48. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites as well as its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Video.

49. Upon information and belief, Defendant directly contributes to the content posted on the Websites as well as the Account by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to "Digital Content Producer" Angela Bonilla and "Enterprise Digital Content Producer" Jordan Gartner (hereinafter referred to as the "*Employees*").

50. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

51. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

52. Upon information and belief, the Video was willfully and volitionally posted to the Websites as well as the Account by Defendant.

53. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it

6

was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

54.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

55.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Websites as well as the Account.

56.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites as well as its Account and exercised and/or had the right and ability to exercise such right.

57.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

58.    Upon information and belief, the Infringements increased traffic to the Website as well as the Account and, in turn, caused Defendant to realize an increase in its advertising and/or business revenues.

59.    Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Websites as well as the Account.

60.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

61.    Defendant's use of the Video harmed the actual market for the Video.

62.    Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

63.    On July 26, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

64.    On August 27, 2024, Plaintiff, via counsel, served a second letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-

protected work.

65.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

66.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

67.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

68.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

69.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

70.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

71.     Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

72.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

73.     Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

74.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the

Websites as well as the Account.

75.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

76.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

77.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

78.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

9

infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: March 20, 2025

**SANDERS LAW GROUP**

By:    /s/ Craig Sanders
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130491

*Attorneys for Plaintiff*

10